IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

RAFAEL RICARDO MORENO MARTINEZ
A 246-962-658 PETITIONER

VS. CIVIL ACTION NO.5:25-CV-153-DCB-BWR

WARDEN, ADAMS COUNTY CORRECTIONAL CENTER (ACCC) RESPONDENT

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation ("Report") [ECF No. 18] of the United States Magistrate Judge entered herein on July 2, 2026, in this action brought pursuant to 28 U.S.C. § 2241. Rafael Ricardo Moreno Martinez, a native and citizen of Venezuela, challenges his immigration detention and requests (1) immediate release from U.S. Immigration and Customs Enforcement ("ICE") custody and (2) an order preventing his removal while his § 2241 Petition is pending. See [ECF No. 8].

In the Report, Judge Rath recommended that the Amended Petition [ECF No. 8] be dismissed and Petitioner's Motions [ECF Nos. 6, 9, and 16] be denied because Moreno Martinez is subject to detention without bond under 8 U.S.C. § 1225(b)(2)(A) while proceedings pursuant to 8 U.S.C. § 1229a are ongoing. Petitioner has filed Objections [ECF No. 20], and the Respondent has filed a Response [ECF No. 21].

For the reasons discussed below, the Court adopts Judge Rath's Report in full. Accordingly, Petitioner's Motions [ECF Nos. 6, 9, and 16] are denied, and his Amended Petition [ECF No. 8] is hereby dismissed.

I. BACKGROUND

As discussed in the Report, Petitioner entered the United States illegally on August 28, 2023, encountered ICE, and was released on his own recognizance. [ECF No. 18] at 2. Thereafter, he alleges that he remained in the United States and complied with reporting requirements. Pet'r Reply [ECF No. 15] at 2. ICE detained him on October 17, 2025, when he appeared at one of his regularly scheduled reporting dates. [ECF No. 15-4] at 2. Since he has been detained, an immigration judge denied Petitioner's applications for asylum, withholding of removal, and for protection under the Convention Against Torture on January 12, 2026. IJ Order [ECF No. 13-2] at 1-2. Considering the record, the immigration judge ordered that Petitioner be removed to Ecuador, or, alternatively, to Venezuela. Id. at 3. Petitioner has appealed the immigration judge's decision, and it remains pending as of the date of this Order. See acis.eoir.justice.gov (last visited Aug. 26, 2026).

II. STANDARD OF REVIEW

When a party objects to a Report and Recommendations, the Court is required to "make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Longmire v. Gust, 921 F.2d 620, 623 (5th Cir. 1991)(party is "entitled to a de novo review by an Article III Judge as to those issues to which an objection is made."). Such review means that this Court will examine the entire record and will make an independent assessment of the law. However, the Court is not required to make new findings of fact in order to conduct a de novo review, Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000), nor is it required to "reiterate the findings and conclusions of the magistrate judge." Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993). The Court also need not consider "[f]rivolous, conclusive or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). No factual objection is raised when a petitioner merely re-urges arguments contained in the original petition. Edmond v. Collins, 8 F.3d 290, 293 (5th Cir. 1993).

III. DISCUSSION

Petitioner objects to the Report and argues that the Magistrate Judge did not properly address his substantive and procedural due process claims. He also asserts that the Report erred in interpreting Supreme Court precedent as it applies to him. All of these arguments reformulate and expand upon the

procedural and due process arguments that Moreno Martinez made in his Amended Petition [ECF No. 8].

After engaging in a de novo review of the record and an independent assessment of the law, the Court finds that the Magistrate Judge did not err. At this juncture, the Fifth Circuit has clearly stated that "unadmitted aliens are ineligible for release on bond, regardless of how long they have resided in the United States." Buenrostro v. Bondi, 166 F.4th 494, 500 (5th Cir. 2026). And although a panel of the Fifth Circuit recently held that the "Fifth Amendment protects resident aliens from unreasoned, indefinite detention," that decision has been withdrawn and will be considered by the full court en banc. See Rodriguez v. Ortega, 180 F.4th 702, vacated and reh'g en banc granted, 181 F.4th 608 (5th Cir. 2026). Thus, until the Fifth Circuit states otherwise, Petitioner's argument that the due process clause of the Fifth Amendment entitles him to a bond hearing is foreclosed.

The Court finds, furthermore, that a stay or abeyance of these proceedings while Rodriguez is considered en banc does not serve judicial economy. See Esquivel v. Mullin, No. 1:26cv2000, 2026 WL 2322821 (W.D. Tex. Aug. 10, 2026) (denying § 2241 petition alleging substantive and procedural due process claims regarding detention pending removal proceedings under 8 U.S.C. § 1225(b)(2)(A) while Rodriguez is awaiting en banc consideration). "The better course

is to continue resolving petitions, due process claims and all, and to stay any judgment granting habeas that could be undermined by the Fifth Circuit's decision in Rodriguez." Id. at *3.

ACCORDINGLY,

IT IS, THEREFORE, ORDERED that the Report and Recommendation be, and the same hereby is, adopted as the finding of this Court. Accordingly, Moreno Martinez's Motions [ECF Nos. 6, 9, 16] are hereby denied, and his Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 8] is hereby dismissed without prejudice. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED AND ADJUDGED, this the 28th day of August, 2026.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE